UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>V. )<br>)<br>)<br>SAMUEL A. ASHLEY JR., )<br>)<br>Defendant. )<br>) | Case No. 1:04 CV 689<br>Criminal No. 1:02-CR-22<br><br>Chief Judge Beckwith |

**DEFENDANT'S REPLY TO GOVERNMENT'S
REQUEST TO DISMISS DEFENDANT'S
MOTION FOR DISCOVERY**

Now comes the defendant, Sam Ashley, Pro-se, who respectfully offers this reply to the government's motion to dismiss the defendant's motion for discovery.

The government claims that the motion for discovery was somehow part of the defendant's motion under §2255. However, they were and still are two completely different motions, as one can certainly tell by noticing that the front page of each motion was completely different motions, and this honorable court even took both of the motions to be separate. The government seems to suggest that this Honorable Court erred by requesting that the government should respond separately to each motion.

See, **Page 2, Of the government's response,** again the government is trying to suggest that somehow, the defendant admitted certain facts before Judge D'Lott, and that the "vast majority" of the defendant's complaints concern the amount of loss. Indeed, the defendant has always maintained that the loss amount is wrong. At no time <u>ever</u> did the defendant admit to the loss amount. That subject is covered in the defendant's motion under §2255. While

(2)

the defendant is simply asking for the so called proof, and by receiving the records in question, this Honorable Court will be able to see "beyond any reasonable doubt" that the defendant received incompetent legal assistance and was denied his right to have effective assistance of counsel.

The defendant acting as a "pro-se" defendant, does not have access to local rule 7.2(a)(1). As this court is aware, a defendant does not have the "right to counsel" on a motion under §2255, until such time as the court orders that an evidentiary hearing be held to resolve the claims. The government seems to want to be critical of the defendant's pro-se motion. See, **Haines V. Kerner 92 S.Ct. 594 (1972),** the Supreme Court in **Haines,** held that:

> "Allegations of pro se complaint are held to less stringent standards then formal pleadings drafted by lawyers."

In the instant case, the government seems afraid to have to prove any of their false claims about crimes that the defendant was supposed to have committed.

Finally, on **Page 3 of the government's response,** they claim "The United States is forced to ASSUME that the discovery Ashley seeks is the evidentiary hearing he mentioned several times in his **§2255** petition since the current motion does not discuss any specific relief."

The defendant submits to this court, that certainly the Assistant US Attorney, Mr. James M. Coombe, knows the difference between asking for an evidentiary hearing and requesting discovery.

This motion is followed by specific requests for discovery.

RESPECTFULLY SUBMITTED

*Sean A. Ashley*

I do hereby certify that a copy of this motion has been sent to Asst US Attorney Coombe at 221 E 4th ST room 400 Cin OH 45202 on Jan 10, 2005