UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 1-02-CR-022 |
| ) | Case. No 1-04-CV-689 |
| Plaintiff, ) | |
| ) | |
| ) | Chief U.S. District |
| V. ) | Judge Beckwith |
| ) | |
| ) | |
| SAMUEL A. Ashley Jr. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S AMENDMENT TO HIS
PREVIOUSLY FILED §2255**

---

Now comes the defendant, Sam Ashley, pro se, does hereby respectfully submits the following amendments to his §2255, which has already been filed.

In the defendant's initial pleading, he stated the claim that the sentence that the District Court Judge gave him was an illegal sentence pursuant to the decision that was handed down by the **United States Supreme Court in Blakely V. Washington, 542 U.S. _____, 2004.**

In response to that claim, the government stated that the defendant has misunderstood the ruling. However, the **United States Supreme Court** seems to think that it's the Government who mis-understood the rulings in **Blakely, Ring, and Apprendi.**

The **Supreme Court** has ruled in **United States V. Booker, No. 04-104, Argued October 4, 2004, decided January 12, 2005,** Page 2,

(2)

of **Booker**, states:

> "[W]e hold that both courts correctly concluded that the Sixth Amendment as construed in Blakely does apply to the Sentencing Guidelines."

We now know that, **Jones V. United States 526 U.S. 227, Apprendi V. New Jersey, 530 U.S. 466, Ring V. Arizona, 536 U.S. 584, Blakely V. Washington**, and now, **Booker and Fanfan**, have all been applicable to the **U.S.S.G**,. As far back as June of 2000, when Apprendi was decided, is the starting point as to when they ruled on the illegal sentence enhancements.

The issue before the instant court is how do all of those rulings apply in the instant case? The defendant states that each of the rulings, have all re-affirmed Apprendi.

> See, **Black's Law Dictionary**
> **Reaffirmation---1. Approval of something previously decided or agreed to.**

By defination alone, the **Supreme Court**, has re-affirmed Apprendi, and has always firmly stated:

> "Other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury, and proved beyond a reasonable doubt."

We know that **Title U.S.C.A., §3553(b)**, directed Judges that they "shall impose a sentence of the kind, and within the range" established by the Guidelines. Now, the base offense level as described in the Guidelines have become the statutory maximum for Apprendi purposes. Any fact that increases that offense level has to be proved to a jury beyond a reasonable doubt, or admitted to by the defendant.

(3)

The **Supreme Court** has told the government time after time that they could not enhance a defendant's sentence using only the civil burden of proof, or based upon facts (alleged) extracted by a probation officer.

This ruling now applies in full force to the instant case. One, the defendant has always denied every single one of the enhancements, he denied the loss amount, he denied the obstruction of justice, he denied the number of victims, he denied the leadership role, he denied the charitable organization enhancement, in all the defendant received 26 levels worth of unconstitutional enhancements.

The defendant reserved his rights by making objections to the P.S.I. report.

The defendant filed a direct appeal based upon his enhancements, the Court of Appeals affirmed the District Court's finding, by saying that the district Court did not err when determining the "enhancements." That of course was before **Blakely**. Both, the District Court and the Court Of Appeals used the preponderance of the evidence, instead of proved beyond a reasonable doubt before a jury, or admitted to by the defendant. That argument is moot in wake of the decisions handed down by the **United States Supreme Court.**

The standard of using sentencing enhancements changed in June of 2000, when the **Supreme Court** ruled on **Apprendi.** After the court of Appeals affirmed the defendant's sentence, the defendant filed a En Banc appeal and motion for an extension to file out of time, on April 27, 2004, the Court of Appeals turned down the defendant's request for an En Banc, that ruling is the starting period for the "final conviction" clause. Thereby the defendant's case had not yet become final when **Blakely** was decided. The defendant only brings up that fact, as information only. The fact is, that the

(4)

defendant should have never received any enhancements that were given to him.

Finally, the **United States Supreme Court** has also weighed in on how this ruling would apply in the instant case.

See, **Booker, Page 25, 2nd Paragraph,**

> "As these dispositions indicate, we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on direct review. See, Griffith V. Kentucky, 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases...pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")........"That fact does not mean that we believe that every sentence gives rise to a Sixth Amendment violation. Nor do we believe that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the "plain-error test. It is also because, in cases not involving a Sixth Amendment violation. whether resentencing is warranted or whether it will instead be sufficient to review a sentence for reasonableness may depend upon application of the harmless-error doctrine.
>                                              IT IS SO ORDERED.

A quick review in the instant case clearly shows that the instant case falls into the unreasonableness comment, falls into the Apprendi ruling, preserved the issues, a clear Sixth Amendment violation, and requires this Honorable Court to correct the

unconstitutional sentence that the defendant received.

### THE DEFENDANT'S SENTENCE VIOLATES THE EIGHT AMENDMENT OF THE CONSTITUTION

The Eighth Amendment to the United States Constitution states:

> "excess bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

The final clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed.

See **Solem V. Helm, 77 L.Ed.2d 637**:

> The principle that a punishment should be proportionate to the crime is deeply rooted and frequently repeated in common-law jurisprudence. In 1215, three chapters of Magna Carta were devoted to the rule that amercements may not be excessive, and the principle was repeated and extended in the First Statute of Westminister, 3 edw 1, Ch 6 [463 US 285] (1275). These were not hollow guarantees, for the royal courts relied on them to invalidate disproportionate punishments. See e.g., Le Graw V. Bailiff of Bishop Of Winchester, VB Mich 10 Edw II, pl 4 (CP 1316), reprinted in 52 Seldon Society 3 (1934).

The constitutional principle of proportionality has been recognized explicitly in the courts for almost a century.

The Supreme Court applied the principle to invalidate a criminal sentence in **Robinson V. California, 370 US 660, 8 L.Ed 758**. A

(6)

90 day sentence was found to be excessive for the crime of being addicted to the use of narcotics. The court explained that imprisonment for 90 days is not, in the abstract, a punishment which is either cruel or unusual. Id. at 557, 8 L.Ed.2d 758, thus there was no question of an inherently barbaric punishment. But the question cannot be considered in the abstract. One day in prison would be cruel and unusual punishment for having a cold.

Most recently, the Court has applied that principle of proportionality to hold capital punishment excessive in certain circumstances. **Enmund V. Flordia, 458 US 782, 73 L.Ed.2d 1140, 102 S.Ct. 3368 (1982)** (death penality excessive for felony murder when defendant did not take life, or intend that a life be taken or that lethal force be used); **Coker V. Georgia, 433 US 584, 592, 53 L.Ed.2d 982, 97 S.Ct. 2861 (1977)** (plurality opinion) ("sentence of death is grossly disportionate and excessive punishment for the crime of rape"); id., at 601, 53 L.Ed.2d 982, 97 S.Ct. 2861 (Powell, J., concurring in judgement in part and dissenting in part) ("ordinarily death is disproportionate punishment for the crime of raping an adult woman"). And the Court has continued to recognize that the Eight Amendment proscribes grossly disproportionate punishments, even when it has not been necessary to rely on the proscription. See, e.g., **Hutto V. Finney, 437 US 678, 685, 57 L.Ed.2d 522, 98 S.Ct. 2565 (1978)**; **Ingraham V. Wright, 430 US 651, 667, 51 L.Ed.2d 711, 97 S.Ct 1401 (1977)**; **Gregg V. Georgia, 428 US 153, 171 -172, 49 L.Ed.2d 859, 96 S.Ct. 2909 (1976)** (opinion of Stewart, Powell, and Stevens, JJ.); cf. **Hutto V. Davis, 454 US 370, 374, and n 3 70 L.Ed.2d 556, 102 S.Ct. 703, (1982)** (per curiam) (recognizing that some sentences may be constitutionally disproportionate); **Rummel V. Estelle, 445 US, at 274, n 11, 63 L.Ed.2d 382, 100 S.Ct. 1133** (same).

It is very clear to see that throughout time, the sentence must actually fit the crime, or it can be cruel and unusual. In the instant case, the defendant was sentenced based not upon his

(7)

crimes that he admitted to, but on crimes that he never commited.

Further, if the defendant is serving a prison sentence that has now been deemed "unconstitutional" by the United States Supreme Court, then the defendant's Eighth Amendment Rights have been violated, and his sentence is cruel and unusual punishment.

For all of the reasons stated above, the defendant respectfully requests that this Honorable Court, reduce the defendant's sentence back down to his base offense level, without any enhancements.

The defendant would also respectfully request that this Honorable Court allow the defendant to post an appeal bond, until such time that this Court can order an evidentiary hearing to resolve all of the claims contained both in his §2255 motion and this amendment to the same.

RESPECTFULLY SUBMITTED

*[signature]*

**CERTIFICATION**

I do hereby certify that a copy of this motion has been sent to the Asst. US Attorney at 221 East Fourth St. Suite 400 Cincinnati Oh. 45202, by Inmate Legal Mail at F.C.I. Ashland KY 41105, on this 20th day of January 2005.

*[signature]*