UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.  1: 04 CV 689 |
| | : | Criminal No.  1: 02-CR-22 |
| Plaintiff, | : | |
| | : | Chief Judge Beckwith |
| v. | : | |
| | : | |
| SAMUEL A. ASHLEY, JR., | : | **MOTION TO STRIKE** |
| | : | |
| Defendant. | : | |

Comes now the Plaintiff, the United States of America, and moves this Honorable Court to strike the second (of two) "Motion for Discovery" for the reasons set forth in the Memorandum that follows. In the alternative, the United States requests the Court to deny Ashley's second Motion for Discovery for the reasons set forth below.

**Memorandum**

Samuel Ashley Jr., is a currently incarcerated federal prisoner who has filed several motions demonstrating his displeasure over his plea agreement that resulted in his conviction and sentencing for two counts of mail fraud and one count of tax evasion.

After pleading guilty to a three count superseding Information, Ashley attempted to withdraw his plea agreement.  This was denied by the Honorable Judge Susan Dlott.  Ashley then filed an unsuccessful direct appeal of his sentence which was denied by the Sixth Circuit Court of Appeals. Recently, Ashley filed a petition pursuant to §2255 claiming, among other things, that his legal counsel was deficient.  The United States duly filed a memorandum in opposition to this §2255 motion and Ashley then filed two documents.  The first document was a reply memorandum supporting his §2255 motion, the second document purported to be a "motion for discovery" even

though that document was a cursory rehash of part of his §2255 motion and contained no legal arguments supporting the motion. The Court apparently determined that this "discovery motion" was indeed a separate motion rather than a codicil to the reply memorandum in support of the §2255 Motion and directed the United States to file a response to it.

The United States duly filed a memorandum in opposition noting the paucity of authority supporting said motion and requesting that it be denied. The United States further stated that Ashley's request for discovery was frivolous since his plea of guilty eliminated the issues he complained of in his habeas motion.

Ashley has now replied claiming that the first motion was indeed a separate motion from the §2255 motion and again he denies ever admitting to the amount of loss[1]. Accompanying Ashley's reply memorandum is yet another "Motion for Discovery". The United States seeks to strike this Motion as improper and abusive. In the alternative, if this Honorable Court chooses not to strike said Motion, the United States requests that this Memorandum be deemed the United States' Memorandum opposing this second of two "motions for discovery" and deny said motion.

The Local Rules of this Court (7.2(a)(2)) clearly state that Motions are limited to 1) a Motion and supporting memorandum by the mover; 2) a memorandum in opposition filed by the non-moving party; and 3), a reply memorandum in support of the motion filed by the moving party.

There is nothing in the rules that allows a party, *pro se* or not, from filing a second motion on the same issue or attempting to clarify or expand the issues raised in the prior motion. These same

---

[1] The United States, having fully addressed that frivolous claim in its Memorandum opposing the §2255 Motion will not reargue the matter here: rather the United States adopts, and incorporates by reference, its Memorandum in opposition. Importantly, the United States Sixth Circuit Court of Appeals has already ruled on the issue concerning the loss and noted that Ashley admitted for the purposes of sentencing, to over one million dollars in loss. His written Plea Agreement (Docket Entry No. 24) also states that the amount of the loss was over one million dollars as well and Ashley signed this agreement on July 26th, 2002.

rules require that all motions be supported by a memorandum of law containing supporting authority: a rule that Ashley is clearly aware of by now yet he continues to ignore. Thus, this second "Motion for Discovery" should be struck not only because Ashley already has another motion for discovery currently pending but because its clearly frivolous and designed to harass the Plaintiff.

This Motion is not filed in good faith and is patently abusive. Ashley admits on the first page of his most recent Motion as follows:

> the defendant will request this court to enter orders of discovery **even in those areas where controversy does not exist**

It is clear that the purpose of filing this second Motion is to harass the United States by filing such a frivolous motion. Ashley does not cite any authority supporting his claim that he should be able to discover material that is no longer relevant now that he has pled guilty to various crimes and has been properly sentenced. By pleading guilty, Ashley gave up his right to a trial, his right to produce evidence and his right to have a jury determine the facts concerning his guilt, rights, and the waivers thereof, that Judge Dlott thoroughly and completely explained to him in open court.

Discovery in a Motion brought pursuant to 28 U.S.C. §2255 is governed by Rule 6 of the Rules governing Section 2255 proceedings. A petitioner seeking habeas relief is not entitled to discovery as a matter of course. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Discovery can be granted, pursuant to the Court's discretion, upon a showing of good cause only. *Stanford*, 266 F.3d at 460. The burden is upon the petitioner to prove the materiality of the items he seeks. *Id, citing, Murphy v. Johnson*, 205 F.3d 809, 813-15 (5th Cir. 2000).

Ashley has completely failed to meet this burden. His comments about seeking discovery concerning items not in dispute dooms his request. His plea agreement, as previously discussed, eliminates his complaints about ineffective counsel and the amount of loss he caused has already

been put to rest by the Sixth Circuit's rejection of Ashley's direct appeal. He has not discussed, in either his cursory first "Motion for Discovery" nor in this improper second "Motion for Discovery" how the items he seeks demonstrate good cause.

In *Sellers v. United States*, 316 F. Supp.2d 516 (E.D.Mich. 2004), the District Court for the Eastern District of Michigan examined a §2255 motion to vacate a sentence based on claims of ineffective assistance of counsel. Additionally, Mr. Sellers sought discovery. In addition to rejecting Sellers' claim of ineffective assistance of counsel mainly on the grounds that the Court had conducted a thorough plea dialogue, the Court examined Sellers' demand for discovery pursuant to Rule 6 of the Rules governing §2255 proceedings.

The Court held that the discovery sought by Sellers would not resolve any factual disputes that could entitle him for relief given that his ineffective assistance of counsel argument was "untenable in light of the Rule 11 plea agreement's integration clause" (316 F. Supp. 2d at 523) and thus depicted Sellers request as one seeking to "embark on a 'fishing expedition masquerading as discovery" *citing Stanford*, 266 F.3d 460.

Ashley, on page 2 of his "motion" claims that a long litany of evidence is needed to deal with his assertion about "the government's frivolous claims that the defendant admitted he stole over one million dollars". That "dispute" is not at issue in the §2255 Motion which is limited to constitutional issues or, in rare instances, fundamental defects so severe as to "result in a complete miscarriage of justice" *(United States v. Addonzio*, 442 U.S. 178, 186 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1992)) and this complaint about the amount of loss has already been dealt with by the Sixth Circuit. His demand for what was said at "debriefings" again is not relevant since that too is not relevant to the §2255 Motion.

Ashley's current and frivolous motion is not an attempt to establish his equally frivolous §2255 claims but is an attempt to re-litigate the entire case. A §2255, as noted above is normally limited to errors of a constitutional nature, not a vehicle to review all the facts surrounding the conviction of the petitioner. Section 2255 Motions are also not normally a proper vehicle to complain about Sentencing Guideline issues if the sentence is within the statutory maximum (which it was), *Grant v. United States*, 72. F.3d 503 (6th Cir. 1996). Furthermore, requesting all evidence the government intends to use at trial (page 2 of his motion) is not relevant either since a trial was waived by Ashley's plea. The same is true of his laughable demand for exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963) and a demand for statements made by "co- conspirators". He doesn't even attempt to tie those items with a cognizable claim raised in his §2255 petition. He, like Sellers, desires to engage in a fishing expedition masquerading as discovery.

The United States has already stated in early memoranda that Ashley's claims made in his §2255 motion were precluded when he was thoroughly questioned and edified by Judge Dlott during the various hearings she held concerning his plea, and his sentencing. No amount of discovery can undo the fact that controlling authority dictates that the thorough and complete plea hearing conducted by the Trial Judge precludes a collateral attack on the grounds raised by Ashley. Thus, seeking discovery even on what might have once been relevant grounds if a trial were to occur cannot be justified or based on "good cause"

What Ashley lacks in legal authority, he attempts to cover with insults. On page 2 of his brief he claims that the government made "frivolous claims" that the defendant admitted to a loss of over one million dollars. The Court merely has to review the various transcripts generated before Judge Dlott to determine that Ashley admitted the facts set forth by the relevant government agent.

This Honorable Court should strike Ashley's motion for being in violation of the local rules and as being duplicative and abusive. In the alternative, this Court should deny the Motion because Ashley has failed to supply any authority supporting his wide ranging demands for discovery that have nothing to do with his §2255 petition.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

*s/James M. Coombe*
JAMES M. COOMBE (0025538)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6972
James.Coombe@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Motion to Strike* was served this 31st day of January, 2005 by regular U.S. Mail, upon Mr. Samuel A. Ashley, Jr., #40656061, Federal Correctional Institution, P.O. Box 6001, Ashland, Kentucky 41105.

*s/James M. Coombe*
JAMES M. COOMBE (0025538)
Assistant United States Attorney

*N:\_ECF Workload\JCoombe\Ashley, Samuel A\Motion to Strike.wpd*