UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No.  1: 04 CV 689 |
| | : | Criminal No.  1: 02-CR-22 |
| Plaintiff, | : | |
| | : | Chief Judge Beckwith |
| v. | : | |
| | : | **UNITED STATES' RESPONSE** |
| SAMUEL A. ASHLEY, JR., | : | **TO DEFENDANT'S AMENDMENT** |
| | : | **TO §2255 MOTION** |
| Defendant. | : | |

------------------------------------------------------

Ashley's latest filing "submits the following amendments" to his previously filed §2255

Motion.  The United States opposes this amendment on the grounds that the issue raised by

Ashley is without merit.

As this Court now well knows, Ashley filed a Motion pursuant to 28 U.S.C. §2255

complaining of his original attorney's (Norm Aubin) allegedly ineffective counsel.  In addition,

Ashley claimed that his sentence was improper based on the United Supreme Court's decision in

*Blakely v. Washington*, 542U.S._____, 124 S.Ct. 2531, 159L.Ed.2d 403 (2004).  Recently, the

Supreme Court has applied this decision to the United States Sentencing Guidelines in *United*

*States v. Booker*, 2005 U.S. Lexis 628, NO. 04-104 (January 12, 2005).  Ashley claimed his

sentence was in violation of the *Blakely* decision in his main memorandum supporting his §2255

Motion. He now has filed an amendment (sans a motion for leave to do so) to his §2255

memorandum based on *United States v. Booker* _____U.S._____, 2005 U.S. LEXIS 628 (decided

January 12, 2005).

The gist of these two decisions is that any fact which increases a sentence above a legislatively-mandated guideline, even if within the statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt.

Though it is true that the Sixth Amendment, as interpreted in *Blakely* and *Booker*, renders mandatory sentencing under the Guidelines unconstitutional, those holdings do not provide Ashley with a basis for relief in this matter because his case is before this Court on collateral, rather than direct review.  The Supreme Court's *Booker* ruling held that its ruling would apply to all cases on direct review but made no mention of collateral review cases.

*Booker* and *Blakely* stem from an earlier Supreme Court case: *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The Sixth Circuit has expressly held that *Apprendi* is not to be applied retroactively to cases on collateral review.  *Goode v. United States*, 305 F.3d 378 (6th Cir. 2002). In *Schiro v. Summerlin*, ___ U.S. ___, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2004), the Supreme Court expressly held that *Ring v. Arizona*, 536 U.S. 584 (2002), a case which depends on *Apprendi*, is not to be applied retroactively to cases on collateral review.  Because this case was final on direct review before *Booker* was decided, Defendant's attempt to include this argument in his §2255 motion is not well taken.

Furthermore, Ashley's guilt was the result of a plea agreement, not a jury decision. Ashley was expressly warned that by pleading guilty pursuant to a written plea agreement he gave up numerous rights including his right to have a jury determine his guilt and to weigh the facts of his case.  To claim that the jury should have weighed the amount of his loss, after he signed a plea agreement which specifically stated that the amount of the loss was over one million dollars is ludicrous.  He waived a jury for his entire case.

For the above reasons, Ashley's attempt to amend should be denied as should his §2255 Motion.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


*s/James M. Coombe*
JAMES M. COOMBE (0025538)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6972
James.Coombe@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *United States' Response to Defendant's Amendment to § 2255 Motion* was served this 2nd day of February, 2005 by regular U.S. Mail, upon Mr. Samuel A. Ashley, Jr., #40656061, Federal Correctional Institution, P.O. Box 6001, Ashland, Kentucky 41105.

*s/James M. Coombe*
JAMES M. COOMBE (0025538)
Assistant United States Attorney


*N:\_ECF Workload\JCoombe\Ashley, Samuel A\Resp to Defendant's Amendment (2255).wpd*

3