UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

2005 FEB -9 PM 2:35

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>V. )<br>)<br>)<br>SAMUEL A. ASHLEY JR., )<br>)<br>Defendant. )<br>) | Case. No. 1:04-CV-689<br>Criminal No. 1:02-CR-22<br><br>Chief Judge Beckwith |

DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
MOTION TO STRIKE

Now comes the defendant, Sam Ashley, pro se, who respectfully objects to the government's motion to strike. The defendant requests that this Honorable court deny the government's motion to strike.

MEMORANDUM OF LAW

Rule 6, of the Rules governing 28 U.S.C. §2255 proceedings entitles litigants to request the discovery process available under the Federal Rules of Civil Procedure, if good cause shown and the court exercises it's discretion allowing discovery. Federal Rules of Civil Procedure, Rule 26(a) through 36 provides a wide range of discovery devices available which includes but not limited to; "depositions, production of documents or other physical materials, physical and mental examinations, request for admission and interrogatories, permission to enter upon land or other property for inspection or other purposes. The Court may appoint counsel for indigent prisoners if necessary for effective utilization of discovery." See 18 USC §3006A(g).

See, **Toney V. Gammon, 79 F.3d 693 (8th Cir. 1996)**

> Habeas petitioner was entitled through discovery to access to state's evidence to conduct DNA and other scientific testing; court's denial of discovery is an abuse of discretion if discovery is indispensable to a fair well rounded development of material facts.

In the instant case, the defendant has alleged the following;

1) Conflict of interest.. Ineffective assistance of counsel. defense counsel lied to the court and the defendant about certain offers that were the sole basis of his plea.

2) Failure of the defense counsel to utilize a court appointed psychologist. In this claim, the defendant needs to show proof positive that the case agents believed that the defendant had serious gambling addiction. This is a key piece of evidence.

3) Failure to file for discovery. This claim is a very serious claim that the defendant makes. Only through discovery can all of the facts be brought out in the open. This claim also will prove (through discovery) that the government lied to the court about the loss amount.

4) That the defendant received an illegal sentence and unjust sentence enhancements. On one of the enhancements for obstruction of justice, the government claims that they found charred records that the defendant burned. Discovery on this issue, will prove that the charred remains that the agents found where only documents that were put into the data base of the center's computers. There is not one document that they have that is charred, that they did not get when the seized the computers, without a search warrant or permission. Discovery will prove that the

(3)

defendant did not burn any documents that the grand jury or the government did not receive.

5) The defendant's sentence was enhanced upon lies by the government. Discovery will certainly show the lies.

6) The defendant claims that the defense counsel was totally incompetent for not using a court appointed CPA, and to keep the identity of this CPA from the defendant. Discovery will prove what exactly the facts are with reference to the defendant's so-called ill-gotten gains. The proof will be in the discovery.

7) The defendant claims that he attended two de-briefings with case agents, and during those meetings the case agents said that they would not use anything at all against the defendant that he said during these meetings. Discovery will prove 100%, that the agents promised him that. All we will need to see is the agent's notes that they all took during the meeting. Contained in the file that the defendant received from counsel, counsel's notes never even mentions the meetings. Let's see what the agent's notes say.

In this case, discovery is a must so that the facts will be proved by the defendant. Discovery is indispensable to a fair, rounded development of the material facts.

See, **Payne V. Bell, 89 F.Supp.2d 967 (W.D. Tenn. 2000),**

> Good cause for discovery exists under Rule 6(a) governing §2255 cases where specific allegations before the court showed reason to believe that the petitioner may, if the facts are fully developed be able to demonstrate that he is entitled to relief. Also See, **Harris V. Nelson 22 LEd. 1082, 22LEd.2d 281 (1969)**

(4)

The defendant would also suggest that the Assistant US Attorney is engaging in behavior that certainly violates the local rules of this court, as far as how the Attorneys should behave. He insists on stating false facts and lies to this court. He has entered into an ugly name calling contest, and he has become very abusive in his motions. He wants to make a mockery out of the defendant's rights to proceed pro se. Maybe he is not aware that the defendant does not have the money to hire an attorney, and the court will not appoint one unless an evidentiary hearing is ordered. The defendant has to do the best that he can with what he has to work with.

In the government's first response to the discovery, they state that the defendant did not ask for anything specific, so the defendant amended the motion and asked for specific items, Yes, the defendant is requesting discovery in all areas, whether they be in dispute or not. That way there will never be a question about what is and is not discoverable.

The defendant is happy that he can provide some humor to the US Attorney's office, as up until now, that office has been nothing more than a laughable miscarriage of justice.

For all of the reasons stated above, the defendant respectfully requests that this Honorable court deny the government's motion to strike the discovery request of the defendant's.

                          Respectfully Submitted

                          *Sam Ashley* (signature)
                          Sam Ashley 40656-061
                          F.C.I.
                          P.O. Box 6001
                          Ashland KY 41105

## CERTIFICATION

I do hereby certify that a copy of this motion has been sent VIA inmate Legal Mail at FCI Ashland to the Asst. US Attorney at  221 E 4th ST Rm 400  Cincinnati Ohio 45202, on this 7th day of FeB 2005.

*[signature]*