UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
2005 FEB 22 PM 1:45

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:04 CV 689 |
| Plaintiff, ) | Criminal No. 1:02-CR-22 |
| ) | |
| V. ) | Chief Judge Beckwith |
| ) | |
| SAMUEL A ASHLEY JR. ) | |
| ) | |
| Defendant. ) | |

PERMISSION FOR LEAVE TO FILE A SECOND
AMENDMENT TO THE DEFENDANT'S §2255

Now comes the defendant, Sam Ashley, pro se, who respectfully asks this Honorable Court for leave to file an amendment to his previously filed §2255. The defendant makes this request for the following reason:

Since the defendant filed his §2255, and his first amendment, he has received the government's response to the claim that the defendant has made under **Apprendi, Ring, Blakely, and Booker-Fanfan.** after carefully reviewing the relevant case law, the defendant needs to make the court aware of his position and the argument that the defendant would like to make in reference to, "if **Apprendi, Ring, Blakely, Booker-Fanfan,** apply and how it applies to the defendant's sentence.

For all of the reasons stated above, the defendant respectfully requests that this Honorable Court grant leave to the defendant for a second amendment to his §2255.

RESPECTFULLY SUBMITTED

*Sam Ashley*
Sam Ashley #40656-061
F.C.I.
P.O. Box 6001
**Ashland KY** 41105

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>V. )<br>)<br>)<br>SAMUEL A ASHLEY JR. )<br>)<br>Defendant. )<br>_____) | Case No. 1:04 CV 689<br>Criminal No. 1:02-CR-22<br><br>Chief Judge Beckwith |

**DEFENDANT'S AMENDMENT TO HIS §2255**

Now comes the defendant, Sam Ashley, pro se, who respectfully submits this amendment to his motion under §2255, which has already been filed.

The government wants this Honorable Court to believe that the recent Supreme Court decision in **Booker-Fanfan**, does not apply to him because he entered into a plea agreement and that **Booker** only applies to cases on direct review and not the defendant's.

The Supreme Court has authorized the use of **28 U.S.C. §2255** as a vehicle for habeas corpus relief when "an intervening change in the law," **Sanders V. United States, 373 U.S. 1, 17 (1963)**, affects "the lawfulness of the judgement itself," **United States V. Addonizio, 442 U.S. 178, 187 (1979)** (discussing **Davis V. United States, 417 U.S. 333, 342 (1974))**, see also, **Hill V. United States, 386 U.S. 424, 428, 429 (1962)**.

In **Davis**, the petitioner asked for habeas corpus relief because of an intra-circuit decision resulting from a decision of the Supreme Court which called into question the legality of petitioner's conviction and sentence—which he unsuccessfully litigated on appeal. **ID 417 U.S. at 340-342.** The lower court denied

(2)

relief because, as it stated, the earlier appeal's determination was "the law of the case", which precluded petitioner "from securing relief under §2255 on the basis of an intervening change in law." **Id**, 417 U.S. at 342.

The Supreme court reversed and applied the rule discussed in **Sanders**, 373 U.S. at 17:

> [E]ven though the legal issue raised in [an earlier appeal] was determined against [the defendant] on the merits..., [he] may nevertheless be entitled to a new hearing upon showing an intervening change in the law.

**Davis**, 417 U.S. at 342 (internal quotation marks and citation removed; brackets and modification added). In doing so, the **Davis** court decided that case was not the proper vehicle to resolve the question of retroactivity of its prior decision leading to the intra-circuit change in the law, **Id** 417 U.S. at 341, but it held that the issues--an intervening change in the law--is cognizable in a §2255 proceeding. **Ibid.**

Applying this principle to the instant case, there can be little contention that the **Crawford** decision is a marked deviation from the prior precedent established by **Roberts** and constitutes a fundamental change in the law.

The law has been changed, when the Supreme Court struck down the U.S.S.G. as advisory instead of mandatory, that changed the law.

When you cancel a law that has been used, then you change that law as well.

While Ashley does not contend that he is innocent of the crimes which he pleaded guilty to, **United States V. Broce**, 488 U.S. 563, 569-570 (1989), he does maintain that his sentence is unlawful

(3)

due to an intervening change in the law, the defendant Ashley, asks this court to grant habeas corpus relief provided for by **28 U.S.C. §2255** and authorized by the Supreme Court in **Davis, 417 U.S. at 342,** and **Sanders, 373 U.S. at 17.**

**Kaufman V. United States, 394 U.S. 217, 226** (The provision of federal collateral remedies rests more fundamentally upon a recognition that adequate protection of constitutional rights relating to the criminal trial process requires the continuing availability of a mechanism for relief.) and **229** ("Thus, collateral relief, unlike retroactive relief, contributes to the present vitality of all constitutional rights whether or not they bear on the integrity of the fact-finding process.")

See, **Davis, 417 U.S. at 342,;**

> "Prisoner's contention that a decision of a Federal Court of Appeals, made after his own conviction had been affirmed by the same Court of Appeals, changed the law so as to make his conviction improper, raised an issue cognizable under 28 USCS §2255, since if the prisoner's contention was well taken, he was convicted for an act that the law does not make criminal, and there is no doubt that such a circumstance inherently results in a miscarriage of justice and presents exceptional circumstances that justify collateral relief."

There is no doubt that indeed a change of law has occurred, the U.S.S.G.'s have been ruled unconstitutional, and cannot be mandatory. The defendant was sentenced under this mandatory system that the Supreme Court has now invalidated.

As the defendant has maintained though-out his case, **Jones, Apprendi, Ring, Blakely, and Booker-Fanfan,** do apply to his sentence.

(4)

For all of the reasons above, the defendant respectfully requests that this Honorable Court hold an evidentiary hearing to resolve this claim.

RESPECTFULLY SUBMITTED

*Sam Ashley*

Sam Ashley #40656-061
F.C.I.
P.O. Box 6001
Ashland KY 41105-6001

CERTIFICATION

I do hereby certify that a copy of this motion, and a copy of the motion for leave to file second amendment have both been sent VIA Inmate Legal Mail at Ashland KY to the Asst. US Attorney James Coombe at 221 East Fourth St. Room 400 Cincinnati OH 45202 on this 16th day of Feb 2005

*Sam Ashley*