UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1: 04 CV 689 |
| | : | Criminal No. 1: 02-CR-22 |
| Plaintiff, | : | |
| | : | Chief Judge Beckwith |
| v. | : | |
| | : | **UNITED STATES' RESPONSE TO** |
| SAMUEL A. ASHLEY, JR., | : | **DEFENDANT'S MOTION TO FILE A** |
| | : | **SECOND AMENDMENT TO HIS** |
| Defendant. | : | **§2255 MOTION** |

The Defendant, Samuel Ashley, Jr., continues to attempt to amend his §2255 Motion. After filing his Motion and supporting Memorandum, he has engaged in a weekly campaign of bringing additional arguments before this Court, none of which contain any merit. First, Ashley filed a frivolous Motion for Discovery which was nothing more than part of his reply supporting the §2255 Petition. He then filed a "Second" Motion for Discovery which failed to show good cause as required by the relevant Rule 6, Rules governing §2255 Motions. Ashley has clearly become a vexatious litigant in this matter.

Later, Ashley filed, without seeking leave to do so, an amendment to the §2255 Motion claiming that the recent Supreme Court decision, *United States v. Booker*, 2005 U.S. Lexis 628, NO. 04-104 (January 12, 2005), is applicable to his collateral attack upon his sentence. This case is not helpful to Ashley because it is limited to matters pending on direct review and furthermore, Ashley admitted the fact that his criminal activities resulted in a loss of more than one million dollars during both his change of plea hearing and in the written plea agreement that he signed.

Now, Ashley has filed a document styled as "Permission for Leave to File a Second Amendment to the Defendant's §2255"[Motion]. This Motion is devoid of authority or citations and he has failed to file a memorandum of law as required by the local rules: rather he merely

states that "defendant needs to make the court aware of his position" and asks if the *Booker* line of cases apply to defendant's sentence.

Ashley has clearly not made any sort of cognizable argument to support amending his §2255 Petition again (the United States maintains that his first amendment was improper and without merit). Rather, Ashley assumes that the body of his second amendment (which is not properly before this Honorable Court as of yet) contains an argument supporting the amendment.

The body of that amendment claims that *Booker* created a change in law that affects his sentence. This is not true and in no way cuts against the fact that *Booker* and the case it is based upon, *Apprendi v. New Jersey* 530 U.S. 466, 490 (2000), are not applicable to collateral attacks upon one's sentence. None of the cases cited by Ashley were created after recent decisions involving *Apprendi* were issued and his unsupported claim that *Booker* and its ancestors apply to his sentence is patently false.

Equally frivolous is his claim that this line of cases created a change in the law. This is not true. In *Tyler v. Cain*, 533 U.S. 656 (2001), the Supreme Court held that a virtually identical provision governing collateral attacks by state prisoners, 28 U.S.C. § 2244(b)(2)(A) means that the Supreme Court itself must have issued a decision making the new rule retroactive to cases on collateral review. The Supreme Court did not do that with *Booker*. Rather, the Court merely noted that *Booker* was applicable to all cases pending on direct review.

## CONCLUSION

The Motion recently filed by Ashley is deficient. It is not supported by a memorandum of law citing relevant authority as required by the local rules. Since Ashley has advanced no reason why he should be given leave to amend his §2255 petition, his request to do so should be denied. Even if this Court were to humor Ashley and allow his amendment, his §2255 Motion is still without merit because the *Booker* case does not help his cause.

The United States asks that this Honorable Court deny this current Motion and dismiss his §2255 Motion and all of its entangled attachments. The United States further prays that this Court enjoin Ashley from his weekly filings on this matter since they are frivolous and a waste of both the United States and this Court's time.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

*s/James M. Coombe*
JAMES M. COOMBE (0025538)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6972
James.Coombe@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *United States' Response to Defendant's Motion to File a Second Amendment to his §2255 Motion* was served this 1st day of March, 2005 by regular U.S. Mail, upon Mr. Samuel A. Ashley, Jr., #40656061, Federal Correctional Institution, P.O. Box 6001, Ashland, Kentucky 41105.

*s/James M. Coombe*
JAMES M. COOMBE (0025538)
Assistant United States Attorney

*N:\_ECF Workload\JCoombe\Ashley, Samuel A\Resp to Mot to File 2nd Amend to 2255.wpd*