IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
United States of America    )
                            )
          Plaintiff,        )  Case No. 1:02-CR-22
                            )  Case No. 1:04-CV-689
    vs.                     )
                            )
Samuel A. Ashley,           )
                            )
          Defendant.        )
```

O R D E R

      This matter is before the Court on Defendant Samuel A. Ashley's motion for discovery (Doc. No. 115) and the government's motion to strike (Doc. No. 118). For the reasons that follow, Defendant's motion for discovery is not well-taken and is **DENIED**; the government's motion to strike is well-taken and is **GRANTED**.

      On October 5, 1994, pursuant to 28 U.S.C. § 2255, Defendant Samuel A. Ashley filed a petition to vacate, set aside, or correct his sentence of one hundred thirty-five months of imprisonment following his guilty pleas to two counts of mail fraud and one count of income tax invasion. On November 24, 2004, Defendant filed a first motion for discovery pursuant to Rule 6(a) of the rules governing § 2255 proceedings (Doc. No. 111). Defendant filed a second motion for discovery (Doc. No. 115) on January 18, 2005 which essentially tracks the discovery allowed by Rule 16 of the Federal Rules of Criminal Procedure.

In the latter motion, the Defendant admits that he is asking the Court "to enter orders for discovery even in those areas where controversy does not exist." See id. at 1.  The government moves to strike this discovery motion as improper and abusive.[1]  The Court agrees.

A § 2255 petitioner only has a right to discovery where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.  Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004).  Here, Defendant's admission that he seeks discovery in areas not in controversy shows conclusively that the discovery sought will not demonstrate any entitlement to relief.  Therefore, Defendant's motion for discovery is meritless.

Accordingly, Defendant's motion for discovery is not well-taken and is **DENIED**; the government's motion to strike is well-taken and is **GRANTED**.

**IT IS SO ORDERED**

Date August 24, 2005            s/Sandra S. Beckwith
                                Sandra S. Beckwith, Chief Judge
                                United States District Court

---

[1] The government also opposes the Defendant's first discovery motion.  The Court will address the merits of that motion in a separate order.