UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1: 04 CV 689 |
| | : | Criminal No. 1: 02-CR-22 |
| Plaintiff, | : | |
| | : | Chief Judge Beckwith |
| v. | : | |
| | : | UNITED STATES RESPONSE TO |
| SAMUEL A. ASHLEY, JR., | : | DEFENDANT'S MOTION |
| | : | DEMANDING A COMPLETE |
| Defendant. | : | INVENTORY AND RESPONSE |
| | : | TO ASHLEY'S "MOTION FOR |
| | : | CONTEMPT" |

The Defendant Samuel Ashley, Jr. has recently filed a Motion on January 18th, 2006, demanding that the United States provide him with a complete inventory of all property seized but not forfeited (R. 136: Motion). On February 2d, 2006, despite the fact that the United States complied with this Honorable Court's Order requiring the United States to return the items seized in San Diego, Ashley filed a Motion demanding that the United States be held in contempt. Both of these Motions are frivolous and should be denied by this Honorable Court. Furthermore, Ashley is clearly a vexatious litigant who appears to attempt to assuage his displeasure of being incarcerated by harassing the Government with his constant and repetitive motions. Therefore, the United States prays that this Honorable Court not only deny Ashley's motions, but restrict his future filing as well.

**MOTION FOR INVENTORY**

Preliminarily, the United States notes that this Motion is a successive Motion because on May 17, 2004, Ashley filed a Motion "for complete inventory of items seized subject to court order" (R. 87: Motion). This current Motion, as well as the original Motion on this subject, is

unsupported by any legal authority demonstrating Ashley has a right to an inventory of items taken after the law enforcement officers were given consent to search the former premises of Ashley by Susan Swain. The issue of course involves whether Ashley intended this Motion to cover all non-forfeited items or merely those that were recently returned to him pursuant to the Orders of Judges Dlott and Beckwith.

The Motion was styled "Motion for Complete Inventory of Seized Items Subject to Court Order to Return". Judge Dlott's Order merely dealt with the items seized in San Diego, to wit, a rattlesnake skin wallet with items contained inside of it, including a couple bogus drivers' licenses. However, this 2004 Motion apparently ignored the scope of Judge Dlott's Order because Ashley demanded "a complete inventory of items seized from the defendant, the defendant's wife, defendant's home and defendant's place of business" which clearly involves far more items than those seized (and now returned) in San Diego.

Ashley has also misstated the Order of Judge Dlott when he stated in that Motion that "On 6/20/03 this honorable court ordered all of these items returned to the defendant". This is not true and the Order speaks for itself.

The United States further notes that Deputy Criminal Chief Assistant United States Attorney Ralph W. Kohnen duly filed a response to that Motion on or about June 18th, 2004 (R. 92: Response to Motion).

Secondly, the United States is unsure as to what property Ashley speaks of. Much of the property seized in connection to Ashley's criminal activity in Ohio involved items that were not owned by Ashley. Some of the items were in the act of being destroyed (by burning) by Ashley's sister when Federal Law Enforcement officers appeared at the location where they were

being stored and subsequently in the process of being burned.  Other items were given to the Special Agents by Ashley's sister and were not under the control or ownership of the Defendant.  Indeed, Ashley had clearly abandoned much, if not all, of the property in question and the United States questions whether he has any standing to demand an inventory of property in which he had abandoned any ownership interest.  (see the Affidavit of Special Agent Michael Logan of the FBI attached hereto along with the exhibits included with the Affidavit as Exhibit A)[1].

It is true that a criminal defendant is often entitled to the return of seized property.  In *Sovereign News Co. v. United States* 690 F.2d 569, 577 (6th Cir. 1982) (*rehearing and rehearing en banc denied* 1/11/1983) the Sixth Circuit stated as follows;

> The general rule is that seized property, other than contraband should be returned to the rightful owner after the criminal proceedings have terminated [citations omitted].  This is true whether or not the original seizure was lawful [citations omitted].  Where the former defendant in a criminal proceedings can show a property interest in the copies, the government must return them.

There are two reasons why Ashley's claim to an inventory or the property in question is not proper.  The first is that Ashley has filed an appeal which means the criminal proceedings have not terminated.  True, his appeal involves his §2255 Motion which is civil in nature but if he were to prevail, he may well be able to revisit or re-open his criminal conviction meaning that his criminal case is not final.

Secondly, as discussed in the affidavit referenced above, it is doubtful that Ashley has any ownership interest in, or an expectation of privacy with respect to, the items he wishes an inventory of.  The affidavit clearly shows that it was someone else who exercised and maintained

---

[1] The Affidavit contains attachments that describe the property seized.

custody of the items: items that Ashley clearly abandoned when he fled the Southern District of Ohio. In *U.S. v. Dillard*, 78 Fed Appx. 505, 511 (6th Cir. 2003), the Sixth Circuit noted that "when a person discards an item as part of an attempt to resist arrest, courts have found that a person has abandoned the item" (a copy of this case is attached hereto as Exhibit B). When someone abandons or disclaims ownership in an item they no longer have an expectation of privacy in the abandoned property either. *Dillard,* at 510, *citing*, *United States v. Torres,* 949 F.2d 606 (2nd Cir. 1991); *United States v. Frazier*, 936 F.2d 262 (6th Cir. 1991). *See also, California v. Greenwood*, 486 U.S. 35 (1988) (a defendant who abandons property has no standing to contest a search of that property).

Because Ashley had fled Ohio for California and had directed that all the business records of his fraudulent business be destroyed, he clearly had abandoned any interest in said property and thus has no interest in this property nor any standing to demand an inventory or return thereof. Furthermore, since Mr. Ashley is now a convicted felon, he may not legally possess firearms. Therefore, any interest he had in the abandoned firearms, listed in the attachments to the Affidavit, no longer exists either.

Finally, Special Agent Logan's Affidavit clearly describes the items seized from property abandoned by Ashley when he fled to California. As noted, an inventory of the items taken pursuant a Grand Jury Subpoena has already been provided and the other items were abandoned but are described in the Affidavit.

## **MOTION FOR CONTEMPT**

This Motion is clearly frivolous and appears to have been filed for no other reason than to harass the Government. Judge Dlott's Order was very specific-it demanded that the United

States return to Ashley the items seized in San Diego (R. 79: Order).  This Honorable Court directed the United States to comply with Judge Dlott's Order (R. 133: Order).  AUSA Kohnen had previously supplied this Court an inventory of what was seized in San Diego as an attachment to a responsive pleading filed in 2004 (R. 92: Response).  This Court's recent Order (R. 133) did not expand the scope of Judge Dlott's Order, it merely demanded compliance with that previous Order.

The United States recently filed its Response to Chief Judge Beckwith's Order to Comply or Show Cause. Ashley has clearly misrepresented what the scope of Judge Dlott's Order stated and the United States submits that this mis-characterization is clearly intentional given the plain language of that Order.  There has never been any Order requiring the United States to do anything other than return the items seized in San Diego sans the clearly contraband fake ID's.  Indeed, as discussed above, Ashley's Motion for an inventory was filed more than Eighteen months ago, a response was filed and Ashley then filed a successive Motion on this issue but yet this Honorable Court only enforced Judge Dlott's Order: nothing more and nothing less.  As noted above, Ashley fled the jurisdiction and abandoned any interest in the property that he now complains about.

Ashley has deliberately misrepresented the facts of this case.  He has abandoned any interest in the property left behind in Cincinnati when he "went on the lam" as described in Special Agent Logan's Affidavit.  He had directed the individual found at the house to destroy the records of his fraudulent food bank.

## CONCLUSION

Ashley has no right to an inventory or a return of property voluntarily given to the United States by Susan Swain after he abandoned the property in an effort to resist or escape arrest.  His

5

intent was that the business records be destroyed further cuts against his claims. His frivolous demands that the United States be held in contempt are not filed in good faith and should be denied as well.

Ashley is a vexatious litigant who clearly is a serial filer seeking to harass and waste the time of the United States Attorney and the various federal law enforcement officials who have investigated his crimes. Therefore, the United States prays that this Honorable Court not only deny Ashley's Motions, but also order that Ashley may file no more pleadings on this matter without leave of this Court to do so.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

*s/James M. Coombe*
JAMES M. COOMBE (0025538)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6972

CERTIFICATE OF SERVICES

I hereby certify that a copy of the foregoing *United States' Response to the Court's Show Cause Order* was served this 2nd day of February, 2006 via U.S. Mail upon Mr. Samuel A. Ashley, #40656-061, Federal Correctional Institution, P.O. Box 6001, Ashland, Kentucky 41105.

*s/James M. Coombe*
JAMES M. COOMBE (0025538)
Assistant United States Attorney