UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION



06 FEB 16 AM 11: 25

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Plaintiff, )<br>)<br>)<br>V. )<br>)<br>)<br>)<br>**SAMUEL A. ASHLEY JR.,** )<br>)<br>Defendant. )<br>)<br>_____ ) | CASE NO. 1:04-CV-689<br><br>CRIMINAL NO. 1:02-CR-22 |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S
### RESPONSE CONCERNING A COMPLETE INVENTORY OF ITEMS
### SEIZED BY THE GOVERNMENT

Now comes the defendant, Sam Ashley, Pro se, who respectfully submits this response to the government's last motion concerning the return of the defendant's personal property.

Once again, the Asst. U.S. Attorney tries to fool this court into believing that the boxes of paperwork that was submitted to the Grand Jury is somehow the items that the defendant is requesting to be returned. Again, the property that was taken from the defendant's home at 3359 Old State Rd. in Mt. Orab Ohio and 1400 State Rd. in Cincinnati are the items that the defendant is seeking the return of. Every motion that he has filed seeks the exact same thing, however, the government just cannot seem to understand. The defendant has never asked for the boxes of financial records back that was given to the Grand Jury. It has never been mentioned until this latest frivolous motion from the United States.

(2)

As usual, the Asst. U.S. Attorney is misguided and is again being rude and insulting to the defendant. The government should have argued all of this almost three years ago when the motion was filed and not answered by the government. The government claims that "Ashley is clearly a vexatious litigant who appears to attempt to assuage his displeasure of being incarcerated by harassing the Government with his constant and repetive motions." The only reason the defendant has to keep filing concerning this property is because the Government is being dishonest, and flat out lying to this court. It is not the defendant's fault that the government cannot follow a simple order from the court. They keep wanting to argue this motion for almost three years now. The time for the government to argue this is long overdue and any argument that they make concerning this property is null, void, and moot.

The government seems to have the wrong impression of the original motion that the defendant filed to have his property returned to him. So for the sake of the government, here is the motion word for word.

This is a handwritten motion dated March 28, 2003. The motion is titled **MOTION TO RETURN PROPERTY** and it reads as follows, (the defendant is presently in transit and is unable to make copies)

"Now comes the defendant, Sam Ashley, without Counsel does hereby request the return of all of the property taken from the **defendant, the defendant's wife, defendant's former home, defendant's place of business.** These items include but not limited to 1 rattlesnake skin covered wallet taken by the FBI on 2/7/02 in San Diego. 1 Video tape of wedding ceremony and a variety of other books, manuels and other personal property."

(3)

Even though, the defendant should not answer the government's ridiculous response, the defendant will argue.

1. Page 2 first paragraph of the government's response states in part:

> "This current motion, as well as the original motion on this subject, is unsupported by any legal authority demonstrating Ashley has a right to an inventory of items taken after the law enforcement officers were given consent to search the former premises of Ashley by Susan Swain. The issue of course involves whether Ashley intended this Motion to cover all non-forfeited items or merely those that were recently returned to him pursuant to the orders of Judges Dlott and Beckwith."

Here once again the government is misleading this court. They want to say that because someone who was not authorized to consent to a search did consent, then the defendant has no right to his property that was seized. The authority that is cited is the United States Constitution that forbids illegal search and seizure, and the government has not yet read that part?

2. Page 2, Paragraph 4:

> "The United States further notes that Deputy Criminal Chief Assistant U.S. Attorney Ralph W. Kohnen duly filed a response to that Motion on or about June 18, 2004 (R. 92 Response to motion)"

The motion that he is speaking about was filed out of time some 16 months later.

3. Page 2, Paragraph 5:

"Secondly, the United States is unsure as to what property Ashley speaks of. Much of the property seized in connection to Ashley's criminal activity in Ohio involved items that were not owned by Ashley. Some of the items were in the act of being destroyed (by burning) by Ashley's sister when Federal Law Enforcement officers appeared at the location where they were being stored and subsequently in the process of being burned."

(4)

We will first address the humerous statement that " the United States is unsure as to what property Ashley speaks of." **That is why Ashley is requesting a list of the property that they seized and kept.** Further, Ashley's sister has been dead a number of years and could not have possibly let anyone search Ashley's house or she could not burn documents.  Now after almost three years, the government now wants to take the position that Ashley somehow  abandoned the property and therefore the government may keep the property.  Absurd, now the government is taking yet another position that because someone allegedly gave the agents permission to search means that they can keep everything that they wanted to.  So the government is saying that if you have your car parked by a valet, then the government shows up without a search warrant, that they can just keep your car?   Of course not.

Ms. Swain was in the process of selling certain items of the defendant, selling items and discarding the property is two separate things. Certainly, even the government's attorneys know the difference. Besides  if all of what the government claims is true, when they seize an item with consent, then a receipt is given for that item.  Where are the receipts?  The government claims that they do not know what property that the defendant is talking about, that is exactly the reason that the government should provide a list of what they seized.

4.   Page 3, Paragraph 4:

> "There are two reasons why Ashley's claims to an inventory or
> the property in question is not proper. This first is that
> Ashley has filed an appeal which means the criminal proceedings
> have not terminated.  True, his appeal involves his §2255 motion
> which is civil in nature but if he were to prevail, he may well be

(5)

able to revisit or re-open his criminal conviction meaning that his criminal case is not yet final."

In the government's response to the defendant's §2255, they stated that **Booker** did not apply to the defendant because his case had become final by the time **Booker was decided.** The government wants to now say something different.

Page 3, last paragraph:

> Secondly, as discussed in the affidavit referenced above, it is doubtful that Ashley has any ownership interest in, or an expectation of privacy with respect to, the items he wishes an inventory of. The affidavit clearly shows that it was someone else who exercised and maintained custody of the items.

The defendant has not waived or given up any rights to his property at anytime. If the government wanted the property, they should have included it in the plea agreement for that property to be seized and forfeited.

Lastly, Page 6, Last Paragraph:

> "Ashley is a vexatious litigant who clearly is a serial filer seeking to harass and wastes the time of the United States Attorney and the various federal law enforcement officials who have investigated his crimes. Therefore, the United States prays that this Honorable Court not only deny Ashley's motion, but also order that Ashley may file no more pleadings on this matter without the leave of this Court to do so."

The defendant has to admit that being called a serial filer is very much insulting, the defendant would not have to file on this issue time and time again, if the government would just release the property back to the defendant. It truly is quite simple. Give the defendant back his property that was seized

(6)

by the United States and not returned to the defendant.

## CONCLUSION

This argument could go on forever, but it needs to be stopped now. The motion that the defendant filed with Judge Dlott was the same motion that she approved. The defendant has never asked for any guns or false Id's to be returned to him, that is not the point. The point is simply that the defendant wants all of the property that the government seized. Why all of the hoopla from the government this late in the game is silly. The defendant has not asked for the items that were given to the grand jury, but now somehow, the government has now included copies of pictures of those items. It is nothing more than a smoke screen against the facts of this case.

The government wants some specific items that the defendant wants back, here are a few very specific items that the defendant is requesting to be given back. Please keep in mind that the defendant has never been given any receipt or inventory of the property that they took but they took:

1. A book that was written by the defendant titled "The Book the Casino's Don't Want You To Read" The original and several copies were taken by the government. The reason the defendant knows that they took the books is because during the de-briefing that the defendant had with the case agents one of the postal inspectors commented that he had read the book, and that the defendant had broken his own rules about gambling. This book(s) is the sole property of the defendant and had nothing at all to do with the crimes that he has pleaded guilty to.

(7)

2. Is the one original video tape of the defendant's wedding in Las Vegas. Again, the sole property of the defendants, not the governments.

3. A series of legally printed and legally bought books from Eden Press. The agents verbally told the defendant that they had also seized those items.

4. Computer Disks and CD's. See affidavit of FBI Agent Hogan dated January 31, 2006.

5. Video tapes (plural) Also see Affidavit by the FBI Agent, page 3.

6. Baseball hats (EFC) Also see Affidavit.

7. A rolodex (also see Affidavit)

8. Lottery tickets, also see Affidavit.

Those items are just what the defendant knows for a fact that the government took from him, and that is why an inventory is needed, so that the defendant knows for certain what property the government has taken from him. The government acts like the defendant wants to know who shot Kennedy, the defendant just wants the constitution to apply to him and his personal property and papers, certainly that is not to much to ask.

The government wants this Honorable Court to not allow the defendant to file any other motions concerning this without leave of this Court. Again, the government wants to trample upon the defendant's constitutional right to represent himself. Further, the only reason the defendant is representing himself is because he has no money for an attorney and the court will not appoint him one. Which leaves the defendant to fend for himself. Nobody involved in this case

(8)

is looking after the defendant's best interest, so the defendant must do that himself. Maybe the government could file a motion for appointment of counsel so that the defendant will stop filing motions.

For all of the reasons stated above, the defendant requests that this Honorable Court order the government to turn over a complete list of everything that they took from the defendant. After all back in June of 2004, the government claimed that they were in the process of compiling a list of all of the items that they took. One more lie by the government.

**RESPECTFULLY SUBMITTED**

Samuel A Ashley Jr. #40656-061
Federal Prison Camp
P.O. Box 6000
Ashland KY 41105-6000

**CERTIFICATION**

I do hereby certify that a copy of this motion has been sent VIA Inmate Legal Mail at FCI Ashland KY to the Asst. U.S. Attorney at 221 E. Fourth St. Suite 400 Cincinnati OH 45202 on this 13th day of February 2006.