UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1: 04 CV 689 |
| | : | Criminal No. 1: 02-CR-22 |
| Plaintiff, | : | |
| | : | Chief Judge Beckwith |
| v. | : | |
| | : | United States' Response |
| SAMUEL A. ASHLEY, JR., | : | to Defendant's "Motion |
| | : | to Reconsider Other Claims |
| Defendant. | : | for the Previously Issued COA" |

This Honorable Court previously denied a §2255 Petition filed by Samuel Ashley, Jr., but issued a "Certificate of Appealability" ("COA") as to a few of the claims he raised in that Petition, to wit, claims of ineffective assistance of counsel. Ashley now moves this Court to reconsider its denial of a COA as to other issues contained in his §2255 petition.

This Motion is not well taken, is frivolous, and should be denied. Ashley has advanced no new arguments or authority that would suggest that this Court's previous Order should be changed.

Federal Rule of Civil Procedure 59(e) deals with motions to amend a final judgment order. Such a motion must be filed within ten days of the entry of the order. Ashley did not file this current Motion within ten days after this Court issued its denial of his §2255 petition. That Order was dated January 9th, 2006 and the certificate of service on Ashley's current Motion indicates that it was mailed on or about February 18th, 2006 which establishes that it was filed more than a month after the Entry of Judgment. Even with intervening weekends and two federal holidays, this submission is untimely.

In addition to being untimely, Ashley does not meet the standards for such a motion. Under Rule 59(e), a trial court may grant reconsideration for any of four reasons: 1) because of

an intervening, controlling law; 2) because evidence not previously available has become available; 3) to correct a clear error of law; or 4), to prevent manifest injustice.  *See*, *GenCorp, Inc. V. American Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

Ashley presents nothing that meets any of the four grounds listed above.  Rather, he complains (again) about the amount of loss: a complaint that this Court thoroughly dealt with in the Order in question.  He raises again the frivolous claim concerning the lack of use, by his attorney, of a CPA: a CPA whose analysis did not bolster Ashley's untenable claims that he didn't cause the amount of loss he later admitted to in open court and under oath. He advances no arguments that even remotely touch on the four proper grounds for requesting reconsideration.

There is certainly no intervening change of a controlling law.  The "evidence" he discusses is the same arguments he raised in his many previous filings: arguments that have been rejected by this Court.  He does even mention a legal argument and thus there is no claim that this Court made a clear error of law.  Finally, there is no discussion of how the Court's previous Order worked manifest injustice upon Ashley.

**Conclusion**

Ashley's Motion to Reconsider is untimely and without merit.  It should therefore be denied.

>Respectfully submitted,
>
>GREGORY G. LOCKHART
>United States Attorney
>
>*s/James M. Coombe*
>JAMES M. COOMBE (0025538)
>Assistant United States Attorney
>221 East Fourth Street, Suite 400
>Cincinnati, Ohio 45202

<u>CERTIFICATE OF SERVICES</u>

I hereby certify that a copy of the foregoing *United States' Response to Defendant's "Motion to Reconsider Other Claims for the Previously Issued COA"* was served this 7th day of March, 2006 via U.S. Mail upon Mr. Samuel A. Ashley, #40656-061, Federal Correctional Institution, P.O. Box 6001, Ashland, Kentucky 41105.

*s/James M. Coombe*
JAMES M. COOMBE (0025538)
Assistant United States Attorney