IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) Case No. 1:02-CR-22 |
|   vs. | ) |
| | ) |
| Samuel A. Ashley, Jr., | ) |
| | ) |
|       Defendant. | ) |

### O r d e r

      This action is once again before the Court upon three motions by Defendant Ashley. The first, which Mr. Ashley styles as an objection (Doc. 136), relates to Defendant Ashley's earlier request for an inventory of items of personal property seized by the United States from his residence in Mt. Orab, Ohio, and his office in Cincinnati, Ohio, in connection with this action. The United States has now filed an affidavit appending a list of those items (Doc. 140). The Court finds Defendant Ashley's objection (Doc. 136) to be **MOOT** on that basis and **DIRECTS** the Clerk to provide a copy of the attachment to the document at Docket Number 140 to Defendant Ashley.

      The second motion by Defendant Ashley (Doc. 139) is based upon the erroneous premise that Judge Dlott ordered the United States to return to Defendant Ashley the property that it seized from his residence and office. Defendant Ashley cites Judge Dlott's June 20, 2003, Order in this matter in support of the present motion. A review of that very brief Order indicates

that Judge Dlott ordered the return of only the property seized from Defendant Ashley in San Diego, California.  The United States has returned that property.  Accordingly, Defendant Ashley's motion that the United States be held in contempt for violating Judge Dlott's Order (Doc. 139) is **DENIED**.  The Court reminds the United States that it is now aware of the Defendant's desire to have items seized from his residence and office returned to him and suggests that the Government return items that are the property of Defendant Ashley, are not forfeited, and the return of which would not be, or cause, a violation of law.

In his third motion (Doc. 144), Defendant Ashley asks the Court to expand the issues included in the certificate of appealability it issued in this matter on January 9, 2006.  Defendant Ashley has not articulated a legal basis for his request, the time allotted by Rule 59 of the Federal Rules of Civil Procedure for such a motion having expired before he filed his present motion.  Moreover, his arguments in favor of the request are utterly without merit.  For those reason, the motion "to reconsider other claims for the COA" (Doc. 144) is hereby **DENIED**.

**IT IS SO ORDERED.**

_____/s/_____
Sandra S. Beckwith, Chief Judge
United States District Court